UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MORELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-CV-1923 |
| | ) |
| JAY MICHENER | ) |
| d/b/a INDIANA PUBLIC AUTO | ) |
| AUCTION | ) |
| and STEVE ARCHER | ) |
| d/b/a INDIANA PUBLIC AUTO | ) |
| AUCTION | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff, John Moreland ("Moreland"), by counsel, brings this action against Defendants Jay Michener d/b/a Indiana Public Auto Auction ("Michener") and Steve Archer d/b/a Indiana Public Auto Auction ("Archer")(together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq*., under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. and for failure to pay earned vacation pay in violation of Indiana state law.

## PARTIES

2. Moreland is an individual who resides in Marion County, Indiana. Defendants employed Moreland within the three-year period preceding the filing of this Complaint. Moreland was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Michener is an individual who owns and operates an automobile auction business in Marion County, Indiana known as Indiana Public Auto Auction ("IPAA"). Michener acted, directly or indirectly, in the interest of an employer with respect to Moreland. Michener is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Michener exercised operational control over IPAA; controlled significant business functions of IPAA; and acted on behalf of and in the interest of IPAA in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Archer is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Archer is an individual who owns and operates an automobile auction business in Marion County, Indiana known as IPAA. Archer acted, directly or indirectly, in the interest of an employer with respect to Moreland. Archer is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Archer exercised operational control over IPAA; controlled significant business functions of IPAA; and acted on behalf of and in the interest of IPAA in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Archer is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Moreland has asserted a claim arising under federal law. This Court has supplemental jurisdiction over Moreland's Indiana state law claim pursuant to 28 U.S.C. §1367.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Venue is appropriate in the Southern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

**COVERAGE**

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

**FACTS**

9. Defendants employed Moreland during the time period January 14, 2017 through March 14, 2018 when Moreland's employment was involuntarily terminated.

10. Throughout his employment with Defendants, Moreland was paid a weekly salary of $750.00 per week. Defendants paid Moreland this salary bi-weekly.

11. For approximately the first 6 to 7 months of his employment with Defendants, Moreland was employed in the position of "Lot Manager Trainee."

12. As a Lot Manager Trainee, Moreland was not exempt from the overtime provisions of the FLSA.

13. As a Lot Manager Trainee, Moreland regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA because he was paid his regular rate of pay for all hours worked.

14. Defendants knew that Moreland regularly worked overtime hours as a Lot Manager Trainee.

15. Defendants' conduct in not paying Moreland overtime compensation was willful and in bad faith.

16. At the time Defendants terminated his employment, Moreland had earned accrued vacation time.

17. To date, Defendants have failed to pay Moreland his earned vacation pay.

18. On April 16, 2018, Moreland filed a wage claim with the Indiana Department of Labor. On June 15, 2018, the Indiana Office of the Attorney General referred Moreland's wage claim to The Law Office of Robert J. Hunt, LLC for prosecution.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. Moreland hereby incorporates by reference paragraphs 1 – 18 of his Complaint.

20. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Moreland for workweeks longer than forty hours without compensating Moreland for his employment in excess of forty

hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed. Defendants have acted willfully, or with reckless disregard, in failing to pay Moreland in accordance with the law.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §22-2-9 *et. seq.*

23. Moreland hereby incorporates by reference Paragraphs 1-22 of this Complaint

24. Defendants violated I.C. §22-2-9 *et. seq.* by failing to pay Moreland all earned wages and compensation upon his separation from payroll. Specifically, Defendants failed to pay Moreland his earned vacation pay upon the next regular pay day for the pay period in which his termination occurred. Defendants failure to pay Moreland his earned vacation pay was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Moreland demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime due to Moreland and for liquidated damages in an amount equal to the unpaid compensation found due to Moreland;

b. An Order pursuant to §22-2-9 *et. seq.* finding Defendants liable for unpaid earned vacation pay due to Moreland and for liquidated damages equal to double the amount of unpaid earned vacation pay found due to Moreland;

c. An Order awarding Moreland his attorneys' fees and costs of this action; and

d. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
3091 E. 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com

Attorney for Plaintiff