IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MORELAND, | ) |
| PLAINTIFF, | ) |
| v. | ) CASE NO. 1:18-CV-01923-JRS-DLP |
| JAY MICHENER, d/b/a<br>INDIANA PUBLIC AUTO AUCTION, | ) |
| and | ) |
| STEVE ARCHER, d/b/a<br>INDIANA PUBLIC AUTO AUCTION, | ) |
| DEFENDANTS. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, John Moreland ("Plaintiff") and Defendants, Jay Michener and Steve Archer (collectively, "Defendants") (together with Plaintiff, the "Parties"), by counsel, have jointly reached an agreement to resolve this matter. Because this case involves a claim under the Fair Labor Standards Act ("FLSA"), the Parties are submitting their settlement agreement to the Court (attached as Exhibit A) and request that the Court approve the settlement and dismiss this action with prejudice. In support of this Motion, the Parties state as follows:

1.      On June 22, 2018, Plaintiff, a former employee of Indiana Public Auto Auction, filed a complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and Indiana's state Wage Payment Statute. (DN 1).

2.      On July 30, 2018, Defendants timely filed an Answer denying Plaintiff's allegations and raising a number of affirmative defenses. (DN 6).

3. The Parties were scheduled for an Initial Pretrial Conference with Magistrate Judge Pryor on September 27, 2018. (DN 7). In advance of that conference, the Parties discussed a potential resolution, including the exchange of settlement demands and responses. After further negotiations between counsel, the Parties have reached a settlement to resolve Plaintiff's claims.

4. Courts have held that a settlement agreement of a lawsuit involving FLSA claims may only be made with approval of the Court or with the Department of Labor. *See, e.g., Roberts v. Apple Sauce, Inc.*, 2014 U.S. Dist. LEXIS 135747, at *3, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Sanders v. Connan's Paint & Body Shop, LLC*, 2015 U.S. Dist. LEXIS 129967, at *11 n. 6, 2015 WL 5692542, at *4 n. 6 (S.D. Ind. Sept. 18, 2015) (noting that the Seventh Circuit has ruled that judicial approval of FLSA settlement is necessary); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 994-95 (N.D. Ind. 2010) ("stipulated settlements in FLSA case must be approved by the Court[.]") (citations and quotations omitted).

5. Before approving an FLSA settlement, the Court must review it to determine if it is a fair and reasonable resolution of a bona fide dispute. *See, e.g., Roberts*, 2014 U.S. Dist. LEXIS 135747, at *3; *Sanders*, 2015 U.S. Dist. LEXIS 129967, at *11 n. 6. The parties here unquestionably have a bona fide dispute over Plaintiff's allegations.

6. Plaintiff contends he was misclassified as an exempt employee and therefore entitled to compensation for all overtime hours worked in excess of forty (40) hours per week. Plaintiff also contends he was entitled to payment upon his separation of employment for his earned vacation time.

7. Defendants, by contrast, have vigorously disputed Plaintiff's claims and contend that Plaintiff was at all times properly paid under state and federal wage and hour laws.

8. In short, this case involves hotly contested issues of fact and law that the Parties' attorneys were prepared to vigorously litigate absent settlement. Thus, continued litigation presents risks to all parties.

9. The complexity, expense, and length of future litigation also militate in favor of this settlement. If the Parties continue to litigate this matter, they would be forced to engage in costly discovery, motion practice, and possibly a trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

10. The Agreement also provides for the payment of attorney's fees and costs to The Law Office of Robert J. Hunt, LLC. The Law Office of Robert J. Hunt, LLC accepted this case on a contingency agreement with Plaintiff. Pursuant to the contingency agreement, The Law Office of Robert J. Hunt, LLC is entitled to attorney's fees equal to forty percent of the total amount recovered. The Agreement provides for payment of that percentage plus costs in the amount of $400.00. The undersigned counsel for Plaintiff represents that the total attorney's fees to be paid pursuant to the Agreement will be considerably less than the fees and costs that would be sought by The Law Office of Robert J. Hunt, LLC if calculated by lodestar method using an hourly rate commensurate with the Indianapolis, Indiana legal market, plus reimbursement of litigation costs. Specifically, the undersigned counsel for Plaintiff, Robert J. Hunt, has expended 12.30 hours of attorney time in this matter at a rate of $275.00 per hour for a total of $3,382.50 in attorney's fees. Plaintiff's counsel has also incurred costs in the amount of $415.00.

11. The Parties have been represented throughout this litigation by counsel who are deeply experienced in wage and hour litigation and recognize the benefit of a settlement rather than protracted litigation. The settlement agreement was negotiated at arm's length by

experienced counsel who throughout the Parties' settlement discussions vigorously represented their clients' interests. The Parties exchanged pay records that allowed meaningful analysis of potential damages were Plaintiff to prevail in this case. The Parties agree that this settlement fairly and adequately resolves the claims in this matter. *See Burkholder*, 750 F.Supp.2d at 995 ("Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (citations and quotations omitted).

WHEREFORE, the Parties jointly request that the Court approve the settlement and dismiss this action with prejudice.

Respectfully submitted,

/s/Robert J. Hunt
Robert J. Hunt
The Law Office of Robert J. Hunt LLC
1905 South New Market Street, Ste 220
Carmel, Indiana 46032
Telephone: (317) 743-0614
rob@indianawagelaw.com

*Counsel for Plaintiff,
John Moreland*

and

/s/ Jeffrey A. Calabrese
Jeffrey A. Calabrese
Amy L. Miles
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202

4

> Phone: (502) 333-6000
> jeff.calabrese@skofirm.com
> amy.miles@skofirm.com
> *Counsel for Defendants*
> *Jay Michener and Steve Archer*

521734.433260/1612394.1